UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID LAWRENCE JOHNSTON,<br><br>    Petitioner,<br><br> vs.<br><br>CARROL PORTER,<br><br>    Respondent. | NO.  CV-05-78-CI<br><br>ORDER DENYING *IN FORMA PAUPERIS* REQUEST AS MOOT AND REPORT AND RECOMMENDATION TO DISMISS PETITION |

  Petitioner, a prisoner at the Washington Correction Center in Shelton, Washington, seeks to file *in forma pauperis* a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241(c)(3).  The filing fee, however, was paid on March 31, 2005, and the petition was filed.  Accordingly, **IT IS ORDERED** Petitioner's request to proceed *in forma pauperis* is **DENIED as moot.**

  By this action, Mr. Johnston seeks to preclude his re-trial on charges of Second Degree Felony Murder and Second Degree Attempted Murder.  By Order filed February 3, 2005, the Washington State Court of Appeals, Division III, granted in part Mr. Johnston's Personal Restraint Petition.  The court specifically vacated Petitioner's second degree felony murder conviction based on intervening state case law, and remanded his case to the Spokane County Superior Court for

REPORT AND RECOMMENDATION -- 1

further lawful proceedings. The appellate court, however, found the evidence was sufficient to support Petitioner's convictions as an accomplice to first degree robbery of a Conoco mart, for attempted second degree intentional murder of a Conoco clerk, and for second degree robbery of a Texaco mart as a principal or accomplice. (*See In Re: Johnston*, attached to habeas petition, at pages 5 and 6.)

### HABEAS JURISDICTION

The court's initial inquiry is whether Mr. Johnston has invoked the appropriate jurisdictional basis for his claims. If the court were to grant Petitioner favorable habeas relief, he would still be "in custody pursuant to the judgment of a State court" based on the affirmed robbery convictions and the conviction for attempted second degree murder. *See* 28 U.S.C. § 2254. Therefore, as Petitioner's present custody is consistent with the narrower jurisdictional requirements of 28 U.S.C. § 2254, rather than the general provisions of 28 U.S.C. § 2241, he must proceed under § 2254. *See e.g. White v. Lambert,* 370 F.3d 1002 (9th Cir. 2004); *Stow v. Murashige*, 389 F.3d 880 (9th Cir. 2004).

### DOUBLE JEOPARDY

The Double Jeopardy Clause of the Fifth Amendment, applicable to the States through the Fourteenth, provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." *See Benton v. Maryland*, 395 U.S. 784 (1969). It has long been settled, however, that the Double Jeopardy Clause's general prohibition against successive prosecutions does not prevent the government from retrying a defendant who succeeds in getting his first

REPORT AND RECOMMENDATION -- 2

conviction set aside, through direct appeal or collateral attack, because of some error in the proceedings leading to conviction. *United States v. Ball*, 163 U.S. 662 (1896) (retrial permissible following reversal of conviction on direct appeal); *United States v. Tateo*, 377 U.S. 463 (1964) (retrial permissible when conviction declared invalid on collateral attack).  Mr. Johnston makes no substantiated allegation the appellate court determined he was entitled to a judgment of acquittal on the charge of second degree felony murder.  *See Burks v. United States*, 437 U.S. 1, 10-11 (1978).

Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, provides, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner Is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Because retrial is permissible after a conviction is reversed on appeal, *see Montana v. Hall*, 481 U.S. 400, 404 (1987), the court finds Mr. Johnston is not presently entitled to habeas relief on his claim of double jeopardy. Accordingly, **IT IS RECOMMENDED** the Petition be **DISMISSED without prejudice.**

## OBJECTIONS

Any party may object to a magistrate judge's proposed findings, recommendations or report within ten (10) days following service with a copy thereof.  Such party shall file with the District Court Executive all written objections, specifically identifying the portions to which objection is being made, and the basis therefor. Attention is directed to Fed. R. Civ. P. 6(e), which adds another

REPORT AND RECOMMENDATION -- 3

three (3) days from the date of mailing if service is by mail.

A district judge will make a *de novo* determination of those portions to which objection is made and may accept, reject, or modify the magistrate judge's determination. The district judge need not conduct a new hearing or hear arguments and may consider the magistrate judge's record and make an independent determination thereon. The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 73, and LMR 4, Local Rules for the Eastern District of Washington. A magistrate judge's recommendation cannot be appealed to a court of appeals; only the district judge's order or judgment can be appealed.

The District Court Executive is directed to enter this Order and forward a copy to Petitioner.

DATED May 5, 2005.

                         S/ CYNTHIA IMBROGNO
                     UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION -- 4